UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BRUCE PRICE | ) | |
| | ) | |
| v. | ) | NO. 2:06-CV-153 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

# **MEMORANDUM OPINION**

This *pro se* plaintiff's complaint is before the Court on the defendant's motion to dismiss. For the following reasons, the defendant's motion will be **GRANTED**. The facts pertinent to the government's motion to dismiss for lack of jurisdiction are undisputed, and are as follows:

The plaintiff submitted an administrative claim to the United States Central Intelligence Agency ("CIA") Office of General Counsel on December 8, 2005. Following a denial of the plaintiff's administrative claim by the Office of General Counsel of the CIA on February 14, 2006, the plaintiff filed a civil complaint in this Court on July 25, 2006 against Stansfield Turner and the CIA sounding in tort.

Service of process was effectuated on the CIA on August 16, 2006. Service of process was effectuated on the United States Attorney for the Eastern District of Tennessee on November 17, 2006. Service of process on the United States

Attorney General was effectuated on November 21, 2006.

On January 19, 2007 the United States filed a certificate of scope of employment regarding the defendant Stansfield Turner and filed a notice to substitute the United States as the proper party defendant for Turner in accordance with the Westfall Act. This Court entered an order on February 23, 2007 substituting the United States of America for Stansfield Turner.

Rule 17(a) of the Federal Rules of Civil Procedure requires civil actions to be prosecuted in the name of the real party in interest. In this case, the defendant initially filed suit against Stansfield Turner and the CIA. While the plaintiff has not sought amendment of his complaint, the Court's order substituting the United States of America for Stansfield Turner has essentially corrected this misstatement by the plaintiff to the extent that the proper parties are now before the Court on this motion.

The Federal Tort Claims Act ("FTCA") unequivocally provides that the United States is the only proper party defendant in a tort action against a federal employee. 28 U.S.C. § 2679(a). Further, a suit against the United States as opposed to the alleged tort feasor agency is the exclusive remedy for tort claims arising out of the actions of a government agency or its employees. 28 U.S.C. § 2679(a). In order to prosecute a civil action against the United States under the FTCA, the claimant

must institute the action in federal court within six months after the date of mailing of the notice of denial of his claim by the agency to which it was presented. 28 U.S.C. § 2401(b).

The plaintiff's claim was denied in writing by the Office of General Counsel for the CIA on February 14, 2006. Therefore, the deadline for the plaintiff to timely file suit against the United States within the statute of limitations was August 14, 2006. While the plaintiff's complaint was filed within the six month time period, the United States was not named as a party defendant in that complaint. Further, service of process was not effectuated upon the CIA until August 16, 2006; upon the United States Attorney until November 17, 2006; and upon the United States Attorney General until November 21, 2006, all more than six months after the denial of plaintiff's claim. No effort was made by the plaintiff to add the United States as a party defendant in the case, the United States only being made a party to this action on June 19, 2007, when it filed the certification of scope of employment.

The *pro se* plaintiff would presumably argue that the United States' substitution as a proper party defendant would relate back to the originally filing date of the civil complaint on July 25, 2006. However, the Sixth Circuit clearly does not agree with this proposition. *Allgeier v. United States*, 909 F.2d 869 (6th Cir. 1990).

In *Allgeier*, a motorist who was injured in an accident allegedly caused by a mail carrier filed suit within the six month statute of limitation against the United States Post Office and the postal carrier. Service upon the United States Attorney's Office was not effectuated until four days after the six month anniversary of the agency's denial of the plaintiff's claim. After the expiration of the six month limitations period, Allgeier's complaint was amended to name the United States as the sole defendant in the case. The district court ruled that the amendment of the complaint related back under Rule 15(c) of the Federal Rules of Civil Procedure and ultimately a judgment was entered in favor of Allgeier against the United States. On appeal, the Sixth Circuit reversed, holding the relation back provisions of Rule 15(c) would only apply where the United States Attorney had in fact received process within the limitations period. *Id.* at 873.

While the substitution of the parties here was not pursuant to Rule 15(c), but pursuant to the Westfall Act, this Court is of the opinion that given this Court's duty to strictly construe any waiver by the United States of its sovereign immunity, coupled with the absence from the Westfall Act of any relation back provision as in Rule 15(c), it is even clearer in this situation that there can be no relation back to the original filing date of the plaintiff's complaint. Given that it is undisputed that

4

service of process was not effectuated until after the expiration of the six month limitation, the plaintiff's complaint must be dismissed. A judgment consistent with this opinion shall enter.

  ENTER:

                s/J. RONNIE GREER
               UNITED STATES DISTRICT JUDGE